UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 4, 2015

Sherritaa Slaughter
5026 Gold Hill Rd.
Owings Mills, MD 21117

Craig Brian Ormson, Esq.
Social Security Administration
Altmeyer Building
6401 Security Blvd Rm 617
Baltimore, MD 21235

      RE:   *Sherritaa Slaughter v. Commissioner, Social Security Administration*;
             Civil No. SAG-15-454

Dear Ms. Slaughter and Counsel:

      On February 18, 2015, Plaintiff Sherritaa Slaughter petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the Commissioner's Motion for Summary Judgment. (ECF No. 19). I have also considered the Response filed by Ms. Slaughter, who appears *pro se*.[1] (ECF No. 22). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

      Ms. Slaughter filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on June 7, 2011. (Tr. 176-88). She alleged a disability onset date of September 20, 2009, for both claims. (Tr. 176, 183). Her claims were denied initially and on reconsideration. (Tr. 65-106). A hearing was held on November 5, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 27-62). Following the hearing, the ALJ determined that Ms. Slaughter was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 8-26). The Appeals Council denied Ms. Slaughter's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

---

[1] On June 12, 2015, a Rule 12/56 letter was sent to Ms. Slaughter advising her of her right to file a response to the Commissioner's motion within seventeen (17) days from the date of the letter. (ECF No. 21).

*Sherritaa Slaughter v. Commissioner, Social Security Administration*
Civil No. SAG-15-454
September 4, 2015
Page 2

The ALJ found that Ms. Slaughter suffered from the severe impairments of degenerative disc disease, spinal disorders, and essential hypertension. (Tr. 13). Despite these impairments, the ALJ determined that Ms. Slaughter retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except occasionally carrying 20 pounds, frequently carrying 10 pounds, stand about 6 hours in an 8 hour workday, sit for about 6[ ]hours in an 8 hour workday, limited in push/pull in lower extremities, occasional climbing ramps stairs; no climbing of ladders, ropes or scaffolds; occasional balancing, stooping, kneeling, crouching; never crawling, avoid concentrated exposure to extreme cold, unlimited exposure to extreme heat, avoid concentrated exposure to wetness and vibration; unlimited exposure to fumes, odors, gases, poor ventilation; avoid even moderate exposure to hazards.

(Tr. 15). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Slaughter was capable of performing her past relevant work as a deli clerk and that, therefore, she was not disabled. (Tr. 25).

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ proceeded in accordance with applicable law at all five steps of the sequential evaluation. The ALJ ruled in Ms. Slaughter's favor at step one and determined that she has not engaged in substantial gainful activity since her alleged onset date. (Tr. 13); *see* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). At step two, the ALJ then considered the severity of each of the impairments that Ms. Slaughter claimed prevented her from working. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The ALJ concluded that Ms. Slaughter had the severe impairments of degenerative disc disease, spinal disorders, and essential hypertension, thus satisfying the step two threshold. (Tr. 13). After finding at least one severe impairment, the ALJ continued with the sequential evaluation process and considered all of the impairments that significantly impacted Ms. Slaughter's ability to work, specifically noting that "appropriate exertional, postural, reach, environmental and mental limitations" had been included in the RFC assessment to address both severe and non-severe impairments. (Tr. 14-15); *see* 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2). Accordingly, I find no basis for remand.

At step three, the ALJ determined that Ms. Slaughter's impairments did not meet the specific requirements of, or medically equal the criteria of, any listings. (Tr. 52-53). An ALJ is required to discuss listed impairments and compare them individually to listing criteria only when there is "ample evidence in the record to support a determination that the claimant's

*Sherritaa Slaughter v. Commissioner, Social Security Administration*
Civil No. SAG-15-454
September 4, 2015
Page 3

impairment meets or equals one of the listed impairments." *Ketcher v. Apfel*, 68 F. Supp. 2d 629, 645 (D. Md. 1999). Here, the ALJ noted that "[n]o treating or examining physician or psychologist has identified medical signs or findings that meet or medically equal the requirements of Appendix 1." (Tr. 15). Although, the ALJ's discussion of the listings is brief, I find no error because the record fails to demonstrate the ample evidence necessary to meet or equal a listed impairment. Accordingly, I have carefully reviewed the record, and I agree that no listings are met.

In considering Ms. Slaughter's RFC, the ALJ first summarized her subjective complaints, which included that she "has problems with sitting, standing, problems with her lower back and left shoulder." (Tr. 16). The ALJ then provided a thorough review of the medical records, which documented the treatment Ms. Slaughter received for her impairments. (Tr. 15-25). After assessing the medical evidence, the ALJ found that the record supported some degree of limitation, as well as Ms. Slaughter's history of prior spinal fusion, but found that the allegations of "disability due to chronic back pain . . . [were] not supported by the evidence." (Tr. 24-25). Specifically, the ALJ noted evidence in the record indicating that Ms. Slaughter exhibited drug-seeking behavior. (Tr. 25). She also noted that Ms. Slaughter exhibited a normal gait during the majority of the relevant period, despite her complaints of back pain. *Id.* Furthermore, the ALJ found that there was no diagnostic data to support Ms. Slaughter's allegations of headaches, edema, or chest pain. *Id.*

Finally, the ALJ considered all of the opinion evidence in the record, including a Physical RFC Questionnaire submitted by a treating physician and the opinions of State agency medical consultants at the initial and reconsideration levels. The ALJ provided little discussion of the medical opinions. However, she included a more extensive discussion of the Physical RFC Questionnaire, and the weight assigned to it, elsewhere in the decision and provided a lengthy discussion of the medical evidence. The ALJ assigned the findings in the Physical RFC Questionnaire little weight, finding that they were not supported by clinical findings. Specifically, she noted that the physician's opinion that Ms. Slaughter was limited to lifting less than ten pounds and sitting for less than two hours was not supported in the record. (Tr. 24). The ALJ also gave little weight to the findings of the State agency medical consultant who reviewed Ms. Slaughter's file at the initial level. The ALJ found that the limitation to less than the full range of sedentary work provided by the initial State agency consultant was not supported by the record. Rather, she stated that "the evidence indicates the claimant is not so limited." (Tr. 25). The ALJ did not reference specific evidence at that point in the opinion, however, the ALJ's extensive discussion of the medical evidence elsewhere includes notes that Ms. Slaughter exhibited full strength in all extremities on multiple occasions, regularly demonstrated full range of motion in her back, including just after a car accident in July of 2012, and even reported that she could complete all activities of daily living despite her pain in April of 2011. (Tr. 23-24)(citing Tr. 613-731, 781-849). Accordingly, I find that the weight assigned to the initial State agency medical consultant is supported by substantial evidence. Likewise, I find that the ALJ's assignment of great weight to the State agency medical consultant at the reconsideration level, who found that Ms. Slaughter was capable of performing light work and

*Sherritaa Slaughter v. Commissioner, Social Security Administration*
Civil No. SAG-15-454
September 4, 2015
Page 4

her past relevant work, is also supported by substantial evidence in the ALJ's discussion of the medical evidence. (Tr. 25).

My review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Ms. Slaughter's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, I find the ALJ's RFC determination was supported by substantial evidence.

Regarding Ms. Slaughter's RFC assessment, I note that the decision fails to indicate the extent to which Ms. Slaughter is "limited in push/pull in lower extremities". Failure to identify the extent of a claimant's limitations generally constitutes an error warranting remand. *See* 20 C.F.R. §§ 404. 1545(b), 416.945(b) ("When we assess your physical abilities, we first assess the nature and extent of your physical limitations and then determine your residual functional capacity for work activity on a regular and continuing basis."). In this case, however, the RFC assessment written in the ALJ's decision is not an accurate reflection of the hypothetical posed to the VE at the hearing. When describing the limitation at the hearing, the ALJ stated, "Her ability to push and pull in the lower extremities on the left is limited to occasionally." (Tr. 47). Thus, the hypothetical posed at the hearing identified the extent of Ms. Slaughter's lower extremity limitation. The VE testified that a person of the same age and education as Ms. Slaughter, and having the hypothetical RFC described by the ALJ, would be able to perform Ms. Slaughter's past relevant work as a deli clerk.[2] (Tr. 25). Accordingly, the ALJ found that Ms. Slaughter was capable of performing her past relevant work at step four of the sequential evaluation. *Id.* Because this conclusion was based on a properly stated hypothetical at the hearing, I find no reason for remand.[3]

Finally, I note that I reviewed Ms. Slaughter's Response to Defendant's Motion. Ms. Slaughter's statements in her Response largely mirrored her previous allegations of pain and complications from hypertension. Pl. Resp. 1-3. Specifically, Ms. Slaughter stated that she has "back and leg pains now that don't allow me to do anything beyond 10-15 minutes. [E]xample: walking, sitting, standing, bending." Ms. Slaughter also stated that she is in constant pain, that her headaches have gotten more severe, and that her doctor said that she needs surgery. She did not indicate what type of surgery was recommended by which doctor. Ms. Slaughter's Response essentially asks me to reweigh evidence, which I am not permitted to do. *See Hays*, 907 F.2d at

---

[2] The ALJ lists the DOT code for Deli Clerk as 211.462-301 in her decision, however, the VE testified that the DOT code for this position is 316.684-014. The DOT code provided by the VE corresponds with the position of "Deli Cutter-Slicer." Thus, the information provided by the VE at the hearing accurately represents Ms. Slaughter's past relevant work, and I find the transcription error harmless.

[3] Furthermore, the VE testified that given Ms. Slaughter's RFC, she was also capable of performing other work, including as a cashier, as a mail clerk, and as a housekeeper. (Tr. 47-48). Although the ALJ's decision did not proceed to step five of the sequential evaluation after finding that Ms. Slaughter could perform her past relevant work at step four, the VE's testimony provides additional support for the finding that Ms. Slaughter is not disabled.

1456.  Furthermore, Ms. Slaughter's Response did not offer any new and material evidence to confirm that any worsening change of her medical condition is relevant to the time pre-dating the ALJ's opinion.  20 C.F.R. §§ 404.970, 416.1470.  In the absence of such evidence, more recent developments would only be relevant to a new application for benefits.  Accordingly, I am unable to consider the arguments raised in Ms. Slaughter's Response.

      For the reasons set forth herein, Defendant's Motion for Summary Judgment (ECF No. 19) is GRANTED.  The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

      Sincerely yours,

      /s/

      Stephanie A. Gallagher
      United States Magistrate Judge